### 1902. KING *v.* THE STATE.

The evidence was weak and unsatisfactory; but it was sufficient to authorize the jury to find the defendant guilty. The charge accurately and lucidly presented the issues involved in the case, and this court has no power to grant a new trial.

Accusation of misdemeanor, from city court of LaGrange— Judge Harwell. April 14, 1909.

Submitted June 9,—Decided July 31, 1909.

*Hatton Lovejoy,* for plaintiff in error.

*Henry Reeves, solicitor,* contra.

RUSSELL, J. The defendant was charged with the offense of being a cheat and swindler, and was found guilty by the jury. According to the evidence in behalf of the State, the defendant and another made a contract with the prosecutor whereby they agreed to cut for him 125 cords of wood at fifty cents a cord. They started to work during the first part of November, and at intervals of a week or two thereafter the prosecutor paid them for the wood which they stated they had cut up to the time of payment. On December 21 the defendant told the prosecutor that they had cut 41 cords of wood in all up to that time. The prosecutor had already paid them for 30 cords, and on the day last named paid them for the additional 11 cords. Three or four weeks thereafter the prosecutor went out and counted the wood and found that the defendant and the other had only cut about 25 cords. He states that none of the wood had in the meantime been moved, though this statement is a conclusion, since the prosecutor had not seen the wood until three or four weeks after the final settlement on December 21. The defendant made a statement in which he said that he had cut all the wood which he represented he had cut, and that he had never knowingly made a false representation in the

matter. The last previous payment before the final one on December 21 was made on November 27, at which time the defendant and the other negro were paid for 30 cords in all. It appears to be uncontradicted that between November 27 and December 21 they cut 11 cords of wood. The defendant makes the point that if the prosecutor was defrauded at all, he was not defrauded by any misrepresentation made on December 21, inasmuch as the negroes had in fact cut all the wood for which they were paid on that day. The defendant also contends that there is a variance between the accusation and the proof, in that the accusation charged that the defendant represented he had cut 41 cords of wood when he had cut only 25, whereby the prosecutor was defrauded out of the price of 16 cords, and the proof showed that if defrauded at all, the prosecutor was not defrauded by any misrepresentation made on December 21, but by misrepresentation made at some earlier time. We fail to see how there is a variance. If the defendant had on November 27 represented that up to that time he had cut 30 cords of wood, when in truth he had cut only 14 cords, and then again on December 21 represented that he had cut 41 cords, when in truth he had cut only 25, the mere fact that between the two dates he had cut 11 cords would not make his last representation true. He made a false statement on two occasions. The defendant could not escape the consequences of the false statement made on December 21 by showing that he had also made a false statement on November 27. Two wrongs do not make a right. Nor is there anything in the point that the prosecutor was not defrauded by the false representation made on December 21 merely because he then paid the defendant for wood cut since the prior payment on November 27. The defendant made the statement that at that time (December 21) he had cut 41 cords of wood, and that the prosecutor thereupon paid him for 11 cords. If the defendant had told the truth at that time, the prosecutor would not have paid him anything; because he had already been paid for 30 cords when he had cut only 25. It would therefore seem that the false representation made on December 21 did in fact have the result of defrauding the prosecutor.

The charge of the judge was fair, lucid, and accurate. He presented the issues in the case concretely, clearly and in detail. The evidence against the defendant was weak and unsatisfactory, but

was sufficient to authorize the jury to infer guilt, and we have no power to grant a new trial. New trials can be given by this court only when errors of law have been committed.

*Judgment affirmed.*